# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARL HARRISON,

        Petitioner,

v.                                             CIVIL ACTION NO. 1:04CV243

DOMINIC GUTIERREZ,

        Respondent.

## **OPINION/REPORT AND RECOMMENDATION**

## I. **BACKGROUND**

On September 28, 2004, the *pro se* petitioner, an inmate at FCI-Morgantown, Morgantown, West Virginia, filed a Motion for Correction of Good Time in the United States District Court for the Southern District of West Virginia. By Notice and Order entered on November 9, 2004, United States Magistrate Judge Mary Stanley construed the motion as a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 and transferred the matter to this Court.

In his motion, the petitioner challenges the policy of the Bureau of Prisons ["BOP"] regarding calculation of his good conduct time credit ["GCT"]. He asserts that the BOP is only giving him 47 days per year instead of 54 days per year of GCT.

Thereafter, on December 17, 2004, the petitioner filed Motion for Consideration Due to Guidelines Add to Case in which he requests that the Court consider all of the counseling programs which he has completed.

This matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review. As discussed below, the undersigned recommends that the petitioner's

§2241 petition be denied.

## II. ANALYSIS

### A. Exhaustion

There is no evidence that the petitioner has exhausted his administrative remedies. Nonetheless, other courts have already found that requiring inmates to challenge the BOP's policy regarding calculation of GCT through the administrative process would be futile. See, e.g., Hendershot v. Scibana, 2004 WL 2009241 (W.D.Wis. 2004) and Martinez v. Wendt, 2003 WL 22456808 (N.D.Tex.2003) (Mag. Report and Recommendation), adopted by 2003 WL 22724755 (N.D.Tex.2003). Thus, the undersigned finds that futility excuses the petitioner's failure to exhaust his administrative remedies.

### B. The BOP has Properly Interpreted 18 U.S.C. §3624(b)

18 U.S.C. §3624(b) delegates to the BOP the authority to award and calculate good time credits. This section provides as follows:

> (b) Credit toward service of sentence for satisfactory behavior.
>
> (1) Subject to paragraph (2), a prisoner who is serving a *term of imprisonment* of more than 1 year other than a *term of imprisonment* for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.
(3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.
(4) Exemptions to the General Educational Development requirement may be made as deemed appropriate by the Director of the Federal Bureau of Prisons.

18 U.S.C. §3624(b) (emphasis added).

The BOP has interpreted the statute as directing the BOP to award inmates 54 days of good time credit for each year served and to prorate the amount of GCT for the last partial year. See 28 C.F.R. §523.20. The formula used by the BOP to determine good time credits is set forth in the Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual CCCA.

The Fourth Circuit has not addressed the issue[1], but the First, Third, Sixth, Seventh and Ninth Circuits, have affirmed the manner in which the BOP calculates good conduct time. See Perez-Olivo v. Chavez, 394 F. 3d 45 (1st Cir. 2005); O'Donald v. Johns, 402 F. 3d 172 (3d Cir. 2005); White v. Scibana, 390 F. 3d 997 (7th Cir. 2004); Brown v. Hemingway, 53 Fed. Appx. 338, 2002 WL 3185147 (6th Cir. 2002); Williams v. Lammana, 2001 WL 11306069 (6th Cir. 2001); Pacheco-Camacho v. Hood, 272 F. 3d 1266 (9th Cir. 2001), cert. denied, 535 U.S.1105 (2002); Also, district courts have weighed in on this issue. See e.g., Germany v. Smith, 2005 WL 428585 (M.D. Pa. 2005); Pasciuti v. Drew, 2004 WL 1247813 (N.D. N.Y. 2004); Graves v. Bledsoe, 334 F. Supp. 2d 906 (W.D. Va. 2004); and Martinez v. Wendt, 2003 WL 22456808 (N.D. TX 2003)(Mag. Report and Recommendation) adopted by the district court, 2003 WL 22724755 (N.D. Tex. 2003); but see Williams v. DeWalt, 351 F. Supp. 2d 412 (D.Md. 2004).

---

[1] In Williams v. DeWalt, 351 F. Supp. 2d 412 (D. Md. 2004), the District of Maryland noted that the Fourth Circuit will be addressing the propriety of the BOP's policy for calculating GCT in Yi v. Brooks, No. 04-6891 (4th Cir. 2004).

3

In Perez-Olivo, supra, the First Circuit concluded that the phrase "term of imprisonment" is ambiguous and "that this ambiguity cannot be resolved by looking at either the context of the statute or the statute's legislative history." Id. at 52. The Court further concluded that Congress had charged the BOP with interpreting the phrase term of imprisonment and that the BOP's interpretation is reasonable.

In O'Donald, the Third Circuit also concluded that the phrase "term of imprisonment" is ambiguous, but that the BOP's interpretation is reasonable. The court further determined that the rule of lenity does not apply because it could "otherwise resolve the ambiguity of the statute."

In White, supra, the court focused on the phrase "term of imprisonment" and stated as follows:

> if "term of imprisonment" refers to the sentence imposed, it becomes impossible to award the credit based on an annual year-end assessment of the prisoner's behavior. And such retrospective annual assessment and award of credit appears to be at the core of what the good-time statute is all about. To interpret "term of imprisonment" as "sentence imposed" for purposes of awarding good-time credit would entitle an inmate to receive credit for good conduct in prison for time-perhaps several years of time - that he was not in prison.

The Seventh Circuit concluded that the phrase "term of imprisonment" is ambiguous and deferred to the BOP's reasonable interpretation of the statute.

In Brown, supra, the petitioner argued that he should receive GCT in the amount of 15% of his sentence. The Sixth Circuit found that the BOP follows 18 U.S.C. §3624(b)(1) by granting 54 days of credit for each year actually served and that the statute makes no reference to a 15% figure. Thus, the Sixth Circuit found that the BOP's interpretation of §3624(b) is reasonable. In Williams v. Lammana, supra, the petitioner alleged that the phrase "may receive credit toward the service of [his] sentence, beyond the time served" contained in §3624(b) should be interpreted as allowing him

4

to receive good time credits based on the sentence imposed instead of the actual time of incarceration. The Sixth Circuit found that "[t]he statute clearly states that good conduct time is awarded on the time served by the inmate, not on the time that might potentially be served by the inmate." Id. at 361. Thus, the Sixth Circuit found that the BOP had properly calculated GCT.

In Pacheco-Camacho, supra, the petitioner alleged that the BOP's regulations allowed him to receive only 47 days of GCT instead of 54 days. The Ninth Circuit found that the phrase "term of imprisonment" in §3624(b) is ambiguous and looked at the legislative history which according to the Ninth Circuit lent "additional support to the BOP's regulation." The Ninth Circuit found that the BOP's interpretation of §3624(b) is reasonable and entitled to deference as required by Chevron U.S.A. Inc., v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). The court further found that a sentence imposed interpretation of the phrase "term of imprisonment" would be inconsistent with the requirement to prorate good time credits during the last year of the term and would give the prisoner a windfall in his last year. Lastly, the Ninth Circuit found that the rule of lenity did not apply because the BOP has resolved the ambiguity in §3624(b) through its reasonable interpretation of the statute. Id. at 1272.

In Pasciuti v. Drew, 2004 WL 1247813 (N.D. N.Y. 2004), the Northern District of New York found §3624(b) to be ambiguous because it is unclear "what amount of time should be used as the standard for prorating." However, the court found that the BOP's interpretation was reasonable because the statute states that the credit is to be given "at the end of each year of the prisoner's term of imprisonment." The court determined that "if GCT was awarded based on the term of imprisonment imposed by a sentencing judge, an inmate may be awarded GCT for years on his initial sentence that he is not required to serve." Id. at *5.

5

Likewise, in Graves v. Bledsoe, 334 F. Supp. 2d 906 (W.D. Va. 2004), the Western District of Virginia found the language of §3624 to be ambiguous and the BOP's interpretation of the statute to be logical and reasonable. See also, Martinez v. Wendt, 2003 WL 22456808 (N.D. TX 2003)(Mag. Report and Recommendation) adopted by the district court, 2003 WL 22724755 (N.D. Tex. 2003) (§3624(b) is ambiguous, the BOP's interpretation of the statute is reasonable and the rule of lenity does not apply because §3624(b) is not a penal statute).

However, in Williams v. DeWalt, supra, the District of Maryland determined that the BOP's policy regard GCT was improper. In reaching this conclusion, the District of Maryland stated as follows:

> The use of the phrase "therm of imprisonment" can logically be read to harmonize its use with its meaning throughout the statute. Reference to the end of the year may simply refer to the end of the calendar year, or the date on which good conduct credits vest. Such a reading of the statute would permit "term of imprisonment" to continue to carry its normal meaning-sentence imposed.
>
> * * *
>
> Beyond subsection (b), the phrase "term of imprisonment" is also used throughout §3624 to mean sentence imposed. Likewise, throughout the criminal code "term of imprisonment" is used as a term of art to mean sentence imposed, not time served.
>
> Given the foregoing, the court finds that the plain reading of the statute, coupled with the application of the rule of intra-statutory consistency, supports the plain reading of the statute that good conduct credits are to be awarded based on the total sentence imposed, rather than on the actual time served.

DeWalt, 351 F. Supp. 2d at 417-418. (footnotes omitted).

The undersigned agrees with the majority of courts which have addressed the issue regarding calculation of GCT that §3624(b) is ambiguous and that the BOP has properly interpreted the statute.

In finding that the statute is ambiguous, the undersigned has utilized the canons of statutory construction.

With regard to statutory construction, the court must first determine "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A. v. Natural Res. Def. Council, 467 U.S. 837, 842-43 (1984).

In interpreting a statute, courts do not construe the meaning of statutory terms in a vacuum; instead the words are interpreted "in their context and with a view to their place in the overall statutory scheme." Davis v. Michigan Dept. of Treasury, 489 U.S. 803, 809 (1989); Tyler v. Cain, 533 U.S. 656, 662 (2001). Further, "identical words used in different parts of the same act are intended to have the same meaning." Sorenson v. Secretary of Treasury, 475 U.S. 851, 860 (1986)(quoting Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 87 (1934)). However, if the language in the statute is not clear, courts may resort to the legislative history to ascertain the meaning of the language. Consumer Product Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102 (1980).

The phrase which causes problems in §3624(b) is "term of imprisonment" because it is unclear whether the phrase means sentence imposed or time served. Clearly, the first two times the phrase is used in §3624(b), the phrase means sentenced imposed. However, when the phrase is used the third time- "54 days at the end of each year of the prisoner's term of imprisonment"- the phrase is ambiguous. Thus, §3624(b) is ambiguous with regard to phrase "term of imprisonment."

Even looking at how the phrase "term of imprisonment" is used in §3624(a)[2] and finding that

---

[2]18 U.S.C. §3624(a) provides as follows:
(a) Date of release.--A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner" term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b). If the date for a prisoner's release falls on a Saturday, a Sunday, or a legal holiday at the place of confinement, the prisoner may be released by the Bureau on the last preceding

7

"term of imprisonment" means sentence imposed in §3624(a), such does not clarify the ambiguity because §3624(b) must be read in its entirety. The other portions of the statute provided that GCT is to be awarded at the end of each year of the prisoner's term of imprisonment and that "credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence." Using a "sentence imposed" interpretation with regard to these clauses is not logical. Thus, the ambiguity remains.

Therefore, the undersigned has examined the legislative history to determine the meaning of the statute. Continuing Appropriations, 1985 - - Comprehensive Crime Control Act of 1984 Sen. Rep. No. 98-225 (1984), reprinted in 1984 U.S.C.C.A.C. 312, 3329-30 provides that the changes made to §3624(b) in 1984 were to simplify the calculation of good time benefits and to decrease the prisoner's uncertainty about his release date. The prior law provided a different rate of good time credit for different lengths of sentences and gave prison officials the discretion to withhold or restore credits depending on the inmate's subsequent behavior. While Congress may have intended the new system to be simpler for calculating GCT, Congress did not set forth how the GCT was to be calculated. Moreover, Congress added the language that GCT was to be awarded at the end of each year of the prisoner's term of imprisonment.

The Ninth Circuit provided additional insight regarding the Comprehensive Crime Control Act of 1984:

> While Congress intended the new system to be simpler than that under the previous law, it did not eliminate the proration of good time credits during the last year of the sentence. If Congress's sole goal had been simplicity, it could have chosen not to award any good time credits during the last year of imprisonment (as it does for

---

weekday.

8

> sentences of a year or less), or to award the full fifty-four days regardless of whether or not the prisoner serves the full year in prison. Instead, Congress chose to tolerate the additional complexity in order to arrive at a more equitable result. Far from mandating Pacheco's interpretation, congressional desire to strike a balance between simplicity and fairness, as evidenced by legislative history, lends additional support to the BOP's regulation.

Pacheco, 272 F. 3d at 1269-70.

Thus, the reasoning behind the Comprehensive Crime Control Act of 1984 does not clarify the ambiguity.

Therefore, the undersigned finds that after reviewing the legislative history, Congress's intent regarding the phrase "term of imprisonment" is ambiguous. Therefore, the Court must now determine "whether the agency's answer is based on a permissible construction of the statute. Chevron, 467 U.S. at 843. "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Id. at 844. "When a challenge to an agency construction of a statutory provision, fairly conceptualized, really centers on the wisdom of the agency's policy, rather than whether it is a reasonable choice within a gap left open by Congress, the challenge must fail." Id. at 866.

The BOP's method of calculating the good time credits applies the statute as it is written and is entitled to deference. While the phrase "term of imprisonment" is ambiguous, the overall directive of Congress is clear, i.e, good time credit is to be calculated on the basis of time served instead of sentence imposed because §3624(b) requires the BOP to award credit only "at the *end of each year* of his term of imprisonment." (emphasis added). If a prisoner were awarded GCT

9

based on the sentence imposed, he may be given GCT for years he is not required to serve. Thus, the undersigned agrees with the majority of courts which have addressed this issue that the BOP is properly calculating GCT based on time served instead of sentence imposed.

Lastly, the undersigned finds that the rule of lenity does not apply. "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." United States v. Bass, 404 U.S. 336, 347 (1971). The rule of lenity also applies in the civil context where an ambiguous statute had some criminal applications. See e.g., United States v. Thompson/Center Arms Co., 504 U.S. 505 (1992). "The rule of lenity applies only if 'after seizing everything from which aid can be derived, we can make 'no more than a guess as to what Congress intended.'" Reno v. Koray, 515 U.S. 50, 65 (1995)(internal citation omitted). The Supreme Court has noted that the rule of lenity "cannot dictate an implausible interpretation of a statute, nor one at odds with the generally accepted contemporary meaning of a term." Taylor v. United States, 495 U.S. 575, 596 (1990). The undersigned agrees with the succinct statement of the Pasciuti Court, set forth below, that the rule of lenity does not apply:

> Because inconsistencies would arise if "term of imprisonment" were read as "sentence", Congress could only have intended the phrase to be used to mean years that an inmate is actually imprisoned. Therefore, while there is ambiguity stemming from the meaning of one phrase in the statute, when viewed in its entirety, § 3624(b) is not ambiguous and the rule of lenity does not apply.

Pasciuti v. Drew, 2004 WL 1247813, *6 (N.D.N.Y.).

Thus, the petitioner is not entitled to a re-calculation of his good time credits.

### III. MOTION FOR RECONSIDERATION

The petitioner requests that the Court reconsider his sentence because he has completed all of his counseling and other programs. First, this Court has no jurisdiction to reconsider the petitioner's sentence as it did not sentence the petitioner. Moreover, post-sentence rehabilitation efforts is not a ground for collateral relief. United States v. Rudolph, 190 F.3d 720, 727 (6th Cir. 1999). See also McDaniel v. United States, 2001 WL 34013447 (W.D.N.C. 2001) (an inmate's Motion for Downward Departure based on rehabilitation efforts while imprisoned was denied for lack of jurisdiction).

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition and his Motion for Consideration Due to Guidelines Add to Case be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: April 15, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE